BLD-010                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3618
_____

IN RE:  RALPH BAKER,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. Nos. 2:09-cv-03654 & 3:09-cv-03710)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 18, 2013

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: October 31, 2013)
_____

OPINION
_____

PER CURIAM

    Ralph Baker asks us to issue him a writ of mandamus to order the District Court to

"relinquish" all files "attached" to the dockets of two habeas proceedings (Baker v. Ricci,

D.N.J. Civ. No. 2:09-cv-03654, and Baker v. Ricci, D.N.J. Civ. No. 3:09-cv-03710) that

have been consolidated into one (under the 2:09-cv-03654 docket number).  He also asks

us to order the District Court to rule on and grant his habeas petitions.  Either in seeking

additional relief, or in support of his two primary requests, Baker takes issue with the

District Court's order consolidating the two habeas matters (stating, among other things, that the consolidation was a cover for seizure of his legal documents by prison officials) and complains about the seizure of those legal materials (claiming, at one point, that the documents were seized as retaliation for, among other things, his assisting other prisoners with their legal work). Baker also asserts that he is actually innocent of the robberies for which he is serving time.

Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted). Mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004) (citations omitted); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Baker is not entitled to mandamus relief in this matter. Baker seems to have put the issue of the prison's seizure of his legal documents before the District Court in the now-consolidated habeas matter. See, e.g. Letter of November 5, 2012 (D.N.J. Civ. No. 2:09-cv-03654 ECF 39); Submission re: Retaliation (2012 (D.N.J. Civ. No. 2:09-cv-03654 ECF 45). However, it is not clear whether he has made a specific request that the

2

District Court provide him with copies of all documents on his habeas dockets, which is what he now states that he wants. Nor is it clear that he has paid any associated fees for copies of any of the documents. Baker has not shown that there is no other adequate way to obtain these documents nor an indisputable right to them, and we decline to issue mandamus relief related to them.[1]

To the extent that Baker seeks an order directing the District Court to act on the consolidated habeas matter, his request is moot. Shortly after Baker filed his mandamus petition, the District Court ruled on, and denied, requests to dismiss the habeas petitions as untimely and defaulted. The District Court then considered Baker's petitions and stayed them to allow him to return to state court to exhaust his state remedies, noting that Baker presented two potentially meritorious issues and urging the state to appoint counsel for Baker. In light of the District Court's action, the request that the District Court rule on the habeas petitions is no longer a live controversy, so we will deny that aspect of Baker's mandamus petition as moot. See, e.g., Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992); see also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

---

[1] Furthermore, to the extent that Baker seeks to raise independent claims related to the seizure of the documents itself, a mandamus petition in our Court is not the appropriate avenue.

3

To the extent that Baker asks us to order the District Court to grant his petitions (and, relatedly, asks us consider his asserted actual innocence) or complains about the District Court's earlier consolidation order, those are matters for appeal,[2] not mandamus.

For the reasons given, Baker's petition for a writ of mandamus is denied.

---

[2] Of course, any appeal would have to follow an appealable order and be filed at the appropriate time for us to have jurisdiction. In any event, it is not clear whether Baker, who filed his petition before the District Court ruled, would want to challenge the District Court's orders. One of the orders grants him permission to seek relief in state courts before returning to the District Court, if necessary, to have his claims heard.